UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-61-FDW

| WILLIAM D. BULLARD, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FNU SNIPES, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motion for Appointment of Counsel, (Doc. No. 45), and Motion for Finding of Fact, (Doc. No. 46).

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff's case has been set for trial and he asks for counsel to assist him in litigating his case.

No extraordinary circumstances are present and the Motion for Appointment of Counsel will be denied. However, the Clerk of Court will be instructed to use reasonable efforts to locate a volunteer attorney to assist with Plaintiff's trial from the Court's Prisoner Assistance Program ("PAP"). There is no guarantee that the Court will be able to locate a lawyer who is willing to represent Plaintiff. If a lawyer accepts the case, he or she will enter an appearance in the case and will provide Plaintiff with assistance at trial. Plaintiff has no right to the advancement of costs or expenses by a PAP attorney and the representation will be limited to providing legal advice, counsel, and representation for the trial at issue, which will normally include participation at the

1

pretrial conference, jury selection, and trial. Representation will not extend to any appeal or post-trial motions unless the lawyer specifically agrees to assume those duties. If the Court is unable to locate a PAP lawyer, Plaintiff will be so informed by letter and the matter shall proceed without a PAP lawyer.

In his Motion for Finding of Fact, (Doc. No. 46), Plaintiff argues that a state agency is required to use and keep video footage and that the Defendants state that no camera footage can be found from hand-held or stationary cameras. Therefore, Plaintiff asks the Court to "accept [his] side of things as true." (Doc. No. 46 at 1).

Defendants have filed a Response, (Doc. No. 47), arguing that Plaintiff does not state the basis or grounds for the Motion and there are no such grounds. Rule 52 of the Federal Rules of Civil Procedure does not apply because Defendants requested a jury trial. To the extent the Court construes the Motion as a Motion for Summary Judgment, it should be denied because it was filed after the dispositive motions deadline and is not supported by an affidavit, any sworn document, or the record. The factual dispute that Plaintiff asks the Court to rule on should be resolved at trial. Moreover, the individual Defendants are not a "state agency" and should not be punished for the lack of video footage. At most, the Motion could be construed as a request for jury instructions, which is premature.

The Motion for Finding of Fact will be denied for the reasons stated in Defendants' Response.

**IT IS THEREFORE ORDERED** that:

(1)  Plaintiff's Motion for Appointment of Counsel, (Doc. No. 45), is **DENIED**.

(2)  Plaintiff's Motion for Finding of Fact, (Doc. No. 46), is **DENIED**.

(3)  The Clerk of Court is instructed to use reasonable efforts to locate a lawyer from the

Court's PAP volunteer attorney panel to represent Plaintiff at trial.

Signed: May 6, 2019

Frank D. Whitney
Chief United States District Judge